IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH LINCOLN

      Plaintiff,

v.                                                        CV 18-652 MV/LF

STATE FARM FIRE AND
CASUALTY INSURANCE CO.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant State Farm Fire and Casualty Insurance Company's Motion for Spoliation Sanctions [Doc. 30]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

## BACKGROUND

On February 6, 2016, there was a fire at Plaintiff Kenneth Lincoln's home in Santa Fe, New Mexico. As a result of fire damage to his home, Plaintiff made a claim under his homeowner's insurance policy with Defendant State Farm Fire and Casualty Insurance Company ("State Farm"). Ultimately, State Farm paid out damages, but not in the full amount requested by Plaintiff. As a result, Plaintiff commenced the instant action in New Mexico state court on May 30, 2018. The sparse First Amended Complaint for Breach of Insurance Contract, Unfair Claims Practices and Bad Faith is comprised of eight, one-sentence paragraphs in which Plaintiff asserts in conclusory fashion that, in partially honoring and partially rejecting Plaintiff's claim for coverage benefits under his insurance policy, Defendant "intentionally breached its contract

1

with Plaintiff by failing to honor its policy commitments," "violated the Unfair Claims Practices Act," and "acted in bad faith by failing to timely settle and pay a first party claim." Doc. 1-2. On July 9, 2018, Defendant removed the action to this Court.

Of relevance to the instant motion, during discussions before this litigation commenced, Plaintiff advised Defendant that the concrete "slab" foundation of his home suffered heat damage and needed to be replaced. Defendant retained a consultant to examine the slab; the consultant concluded that the slab was "not structurally compromised due to excessive heat associated with the reported fire; as such, no remediation of structural damage to the foundation system would be required." Doc. 30-4. Defendant's claim file notes from May 10, 2016 indicate that Plaintiff reported that the County Fire Marshal had advised him that "the slab is a total in his opinion." Doc. 30-6. The notes further indicate that Defendant "[a]greed to the following: Once the home is demo'd and the slab is exposed we can re-evaluate the slab. [Plaintiff] may obtain his own independent structural engineer as well." *Id.* In a letter dated May 16, 2016 to Plaintiff from Melissa Johnson, a "team manager" at State Farm, Defendant confirmed its agreement "to re-evaluate the slabs after the home has been demolished." Doc. 30-7. This agreement was again confirmed in a June 21, 2016 letter from Ms. Johnson to Plaintiff, Doc. 30-8, and yet again in an August 31, 2017 letter from Ms. Johnson to Plaintiff's attorneys. Doc. 30-10.

On September 27, 2018, in the course of the instant litigation, Plaintiff served Defendant with his Supplemental Responses to Interrogatories. In those Responses, Plaintiff advised Defendant for the first time that the slab "was removed." Doc. 30-14. Based on Plaintiff's removal of the slab, Defendant brought this motion for sanctions based on spoliation of evidence, arguing that Plaintiff "knowingly destroyed this critical piece of evidence preventing State Farm

2

from reexamining the concrete slab and preventing State Farm from developing defenses to Plaintiff's claims of bad faith." Doc. 30 at 2. Plaintiff opposes the motion.

## DISCUSSION

On the instant motion, Defendant seeks the following sanctions as a result of Plaintiff's spoliation of evidence: adverse inferences that the fire at Plaintiff's home on February 6, 2016 did not result in any damage to the concrete slab and that, consequently, Plaintiff was not entitled to payment under his State Farm policy for the concrete slab and State Farm did not engage in bad faith with respect to its decisions regarding the concrete slab; and an order dismissing any bad faith claims against State Farm related to Plaintiff's claims regarding the concrete slab. In support of its request, Defendant cites New Mexico law on spoliation, and applies that law to the facts of this case. The weight of authority, however, holds that federal law, rather than state law, governs a motion requesting spoliation sanctions. "Federal courts possess the inherent powers necessary 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,' including imposing appropriate sanctions." *Helget v. City of Hays, Kan.*, 844 F.3d 1216, 1226 n.6 (10th Cir. 2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991)). In *Helget*, the Tenth Circuit noted that, although it had not "directly spoken to the issue, other circuits have held that sanctions for the spoliation of evidence is a matter of federal law." *Id.* (citing *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) (en banc) (listing the Second, Fourth, Fifth, and Ninth Circuits); *Sherman v. Rinchem Co.*, 687 F.3d 996, 1006 (8th Cir. 2012); *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005)); *see also* 22 Wright & Graham, Jr., *Federal Practice and Procedure: Evidence*, § 5178.3 at 945 & no. 10 (2d ed. 2012) ("Horizontal choice-of-law rules specify that federal law governs [the admission of spoliation evidence] both in diversity and federal question cases."). This Court has similarly

3

held that federal law governs the spoliation issue. *See Marquez v. Albuquerque. Pub. Schs.*, Civ. No. 18-133 MV/SCY, 2019 WL 5595180, at * 2 n.2 (D.N.M. Oct. 30, 2019); *Browder v. City of Albuquerque*, No. Civ 13-0599 RB/KBM, 2016 WL 4395000, at *4 (D.N.M. May 10, 2016); *Peshlakai v. Ruiz*, No. Civ. 13-0752 JB/ACT, 2014 WL 1947680, at *1 (D.N.M. Apr. 28, 2014). Consistent with this authority, the Court will apply federal law to Defendant's request for spoliation sanctions.

"Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (citations omitted). If the "aggrieved party seeks an adverse inference [or entry of default judgment] to remedy the spoliation, it must also prove bad faith." *Id.*; *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015). Bad faith requires "some showing of willful destruction of evidence." *Browder v. City of Albuquerque*, 187 F. Supp. 3d 1288, 1300 n.6 (D.N.M. 2016). Accordingly, "[m]ere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997). "Without a showing of bad faith, a district court may only impose lesser sanctions." *Turner*, 563 F.3d at 1149.

Here, Defendant does not request "lesser sanctions," but rather seeks adverse inferences and dismissal of Plaintiff's bad faith claims (in effect, default judgment in its favor on those claims). Such sanctions, however, require a showing of bad faith. Defendant has made no showing of bad faith and, indeed, has admittedly declined to attempt to make any such showing. While stating that "Plaintiff's destruction of the slab *appears* intentional," Defendant has presented no evidence that Plaintiff willfully destroyed the slab. Doc. 30 at 7 (emphasis added).

4

This is unsurprising, given Defendant's mistaken reliance on New Mexico law, which Defendant cites for the proposition that, for purposes of imposing spoliation sanctions, "it is not necessary to determine whether Plaintiff acted with 'bad faith' or 'evil motive.'" *Id.* at 8. Because Defendant has not shown bad faith, it is not entitled to the spoliation sanctions it seeks.

## CONCLUSION

Defendant has not established that Plaintiff engaged in bad faith in destroying the concrete slab. In the absence of such a showing of bad faith, this Court may not grant Defendant the spoliation sanctions requested in its motion.

**IT IS THEREFORE ORDERED** that Defendant State Farm Fire and Casualty Insurance Company's Motion for Spoliation Sanctions [Doc. 30] is **DENIED**.

DATED this 30th day of January, 2020.

_____
MARTHA VÁZQUEZ
United States District Judge